# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LOUIS D. CRAFT, JR., | ) |
| Plaintiff, | ) |
| v. | ) CIV 20-483-RAW-SPS |
| RAYMOND BYRD, et al., | ) |
| Defendants. | ) |

## OPINION AND ORDER

On January 7, 2021, Plaintiff was denied leave to proceed *in forma pauperis*, because he had accumulated at least three prior civil rights dismissals that qualified as "prior occasions" or "strikes" under 28 U.S.C. § 1915(g) (Dkt. 4). Plaintiff subsequently filed a "supplement" to his *ifp* motion (Dkt. 7), which the Court construed as a motion for the Court to reconsider the denial of his *ifp* motion (Dkt. 9).

Plaintiff apparently is arguing because *Craft v. Olden*, No. CIV 10-375-RAW-SPS (E.D. Okla. Mar. 21, 2012), *aff'd*, No. 13-7031 (10th Cir. May 15, 2014), was dismissed without prejudice, it should not have been considered a "strike" under 28 U.S.C. § 1915(g). He also claims his proposed amended complaint (Dkt. 8-1), filed on the same day as the motion to reconsider, presents more accurate details concerning his imminent danger of serious physical harm.

As set forth in the Court's Order denying *in forma pauperis* status, Plaintiff has the following three strikes under section 1915(g):

(1)   In *Craft v. Olden*, No. CIV 10-375-RAW-SPS (E.D. Okla. Mar. 21, 2012),

*aff'd*, No. 13-7031 (10th Cir. May 15, 2014), this Court dismissed without prejudice Plaintiff's civil rights claims regarding alleged racial remarks, threats and retaliation for failure to exhaust administrative remedies. His claims regarding his misconduct proceedings were dismissed without prejudice for failure to state a claim.

(2)   In *Craft v. Middleton*, No. CIV-11-925-R (W.D. Okla. Sept. 6, 2012), *aff'd*, No. 12-6245 (10th Cir. Apr. 12, 2013), Plaintiff's complaint against Defendant Middleton was dismissed for failure to state a valid claim for relief (Dkt. 51).

(3)   In *Craft v. Null*, No. CIV-12-1052-R (W.D. Okla. Mar. 13, 2013), *aff'd*, No. 13-6089 (10th Cir. Oct. 23. 2013), Plaintiff's civil rights claims were dismissed in part for failure to state a claim on which relief can be granted (Dkt. 45).

The Supreme Court has held that "a dismissal without prejudice counts as a strike, so long as the dismissal is made because the action is frivolous, malicious, or fails to state a claim." *Day v. Maynard*, 200 F.3d 665, 667 (10th Cir. 1999).  In addition, a mixed disposition can constitute a strike when "the plaintiff's claims are dismissed in part for failure to state a claim and in part for failure to exhaust administrative remedies, and no claims are allowed to proceed on the merits." *Thomas v. Parker*, 672 F.3d 1182, 1184 (10th Cir. 2012). Further, "[i]t is irrelevant under § 1915(g) whether the district court affirmatively stated in the order of dismissal that it was assessing a strike." *Smith v. Veterans Admin.*, 636 F.3d 1306, 1313 (10th Cir.), *cert. denied*, 565 U.S. 934 (2011).  Therefore, Plaintiff has accumulated at least three "prior occasions" or "strikes" under 28 U.S.C. § 1915(g).

With respect to Plaintiff's claim that he is in imminent danger of serious physical injury pursuant section 1915(g), he again alleges that on April 26, 2016, while incarcerated at Cimarron Correctional Facility, he was injected with bacteria. The injection allegedly caused him to develop painful canker sores in his mouth from his food or when prison officials inject anaerobic bacteria into his food.

> There is only one exception to the prepayment requirement in § 1915(g), *Kinnell v. Graves*, 265 F.3d 1125, 1127-28 (10th Cir. 2001), and it applies to a prisoner who "is under imminent danger of serious physical injury[,]" § 1915(g). To meet that exception, [Plaintiff] was required to make "specific, credible allegations of imminent danger of serious physical harm[.]" *Id.* (quotations omitted). . . . [T]he statute's use of the present tense shows that a prisoner must have alleged an imminent danger at the time he filed his complaint.

*Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011) (abrogated on other grounds). After careful review, the Court finds Plaintiff has failed to meet this standard.

**ACCORDINGLY,**

1. Plaintiff's motion to reconsider denial of his motion for leave to proceed *in forma pauperis* (Dkt. 7) is DENIED.

2. Plaintiff is directed to forward **$402.00** for the filing and administrative fees to the Court Clerk within twenty (20) days.

3. The agency having custody of Plaintiff is ordered to release funds from Plaintiff's accounts, including Plaintiff's trust account, for payment of the fees.

4. Failure to comply with this Order will result in dismissal of this action without further notice.

**IT IS SO ORDERED** this 28th day of April 2021.

Ronald A. White
United States District Judge
Eastern District of Oklahoma