### IN THE UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **LOUIS D. CRAFT,** | ) |
| Plaintiff, | ) |
| v. | ) No. CIV 20-483-RAW-SPS |
| **RAYMOND BYRD, et al.,** | ) |
| Defendants. | ) |

### OPINION AND ORDER

Plaintiff is a pro se state prisoner in the custody of the Oklahoma Department of Corrections (DOC) who is incarcerated at Davis Correctional Center (DCF) in Holdenville, Oklahoma. He filed this civil rights complaint pursuant to 42 U.S.C. § 1983, seeking relief for alleged constitutional violations at Cimarron Correctional Facility (CCF) in Cushing, Oklahoma, and Oklahoma State Penitentiary (OSP) in McAlester, Oklahoma (Dkt. 2). He subsequently filed a motion to amend his complaint to add a defendant (Dkt. 8) which was granted (Dkt. 11).

Plaintiff's amended complaint lists the following defendants: CCF Warden Raymond Byrd, CCF Nurse Laura Neffee, OSP Warden Mike Carpenter, OSP Deputy Warden Natalie Cooper, OSP Kitchen Supervisor Ms. Little, OSP Correctional Officer Schell, OSP Correctional Officer Galutza, OSP Medical Provider Dr. Marlar, and DOC Director Scott Crow (Dkt. 12 at 2).

**Cimarron Correctional Facility Claims**

Plaintiff alleges that on April 26, 2016, while housed at CCF, Defendant Nurse Laura Neffee injected an "irreparable bacteria" into his lower left arm, causing painful canker sores to develop in his mouth. Plaintiff asserts that Nurse Neffee claimed the injection was an annual tuberculosis test. Plaintiff, however, contends that Defendant CCF Warden Raymond

Byrd had Nurse Neffee inject him in retaliation for Plaintiff's legal activity and to cause him mental and physical suffering. Plaintiff was transferred to OSP on July 23, 2017. *Id*. at 3.

**OSP Claims**

Plaintiff alleges that upon his arrival at OSP, he was subjected to numerous instances of retaliation and assault, and the alleged CCF injection caused him to have allergic reactions to his food. He claims that on four occasions from December 6, 2018, to December 27, 2018, prison officials injected his food with bacteria that caused him to suffer allergic reactions and painful oral canker sores. Defendant Dr. Marlar allegedly failed to provide appropriate medical treatment for the canker sores. Plaintiff was transferred from OSP to North Fork Correctional Center (NFCC) on October 13, 2019. *Id*. at 3-5.

**Other Claims**

Plaintiff further asserts in his amended complaint that upon his transfer to NFCC, he immediately was subjected to retaliation and harassment from prison informants, and his personal mail was illegally withheld from mailing. *Id*. at 5. He was transferred to Joseph Harp Correctional Center (JHCC) on January 30, 2020, and later to DCF. He allegedly continued to experience the same or similar constitutional violations at JHCC and DCF. *Id*. at 6-7. He contends Defendant Director Crow ordered the campaign of continuing retaliation that caused his physical and mental suffering. *Id*. at 8

**Screening/Dismissal Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b);

28 U.S.C. § 1915(e)(2)(B).

The pleading standard for all civil actions was articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The complaint also must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. *Id*. at 555-56. "So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," the cause of action should be dismissed. *Id*. at 558. The Court applies the Rule 12(b)(6) standard to cases reviewed under section 1915A(b)(1). *See Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007) (holding that the standard of review for dismissals under § 1915(e)(2)(B)(ii) is the same as the standard employed under Rule 12(b)(6)).

A pro se plaintiff's complaint must be broadly construed under this standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The generous construction given to the pro se litigant's allegations, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." *Id*. A reviewing court need not accept "mere conclusions characterizing pleaded facts." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss

does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotations and citations omitted). The Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**Statute of Limitations**

The Court notes that Plaintiff's first amended complaint includes claims that are barred by Oklahoma's two-year statute of limitations. *See Meade v. Grubbs*, 841 F.2d 1512, 1522 (10th Cir. 1988); Okla. Stat. tit. 12, § 95(A)(3). Plaintiff alleges he placed his original complaint in the prison mail system on December 17, 2020 (Dkt. 1 at 11). Under the prison mailbox rule "an inmate who places a federal civil rights complaint in the prison's internal mail system will be treated as having 'filed' that complaint on the date it is given to prison authorities for mailing to the court." *Price v. Philpot*, 420 F.3d 1158, 1165 (10th Cir. 2005) (citing *Houston v. Lack*, 487 U.S. 266, 276 (1988)).

Considering the complaint as "filed" on December 17, 2020, any claims arising prior to December 17, 2018, are barred. Consequently, CCF Defendants Warden Raymond Byrd and Nurse Laura Neffee, as well as all CCF claims, are DISMISSED from this action pursuant to 28 U.S.C. § 1915A(b)(1). In addition, any claims arising at OSP prior to December 17, 2018, also are DISMISSED from this action under 28 U.S.C. § 1915A(b)(1).

**Second Amended Complaint**

Within twenty-one (21) days of the entry of this Order, Plaintiff must file a second amended complaint on this Court's form. The second amended complaint must set forth the full name of each person he is suing under 42 U.S.C. § 1983. Further, the names in the

caption of the second amended complaint must be identical to those contained in the body of the second amended complaint, pursuant to Fed. R. Civ. P. 10(a).

The second amended complaint must include a short and plain statement of when and how each named defendant violated Plaintiff's constitutional rights and showing Plaintiff is entitled to relief from each named defendant. *See* Fed. R. Civ. P. 8(a). Plaintiff also shall identify a specific constitutional basis for each claim. *See id*. He is admonished that simply alleging that a defendant is an employee or supervisor of a state agency is inadequate to state a claim. Plaintiff must go further and state how the named defendant's personal participation violated his constitutional rights. The "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by the plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (citations omitted). The Court only will consider claims "based upon the violation of a plaintiff's personal rights, and not the rights of someone else." *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990).

The second amended complaint will completely replace the original complaint and the first amended complaint, rendering the original and first amended complaints of no legal effect. *See Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991); *Gilles v. United States*, 906 F.2d 1386, 1389 (10th Cir. 1990). *See also* Local Civil Rule 9.2(c). The second amended complaint must include all claims and supporting material to be considered by the Court. *See* Local Civil Rule 9.2(c). It must be complete in itself, including exhibits, and may not reference or attempt to incorporate material from the original or first amended complaints or exhibits. *Id*. **It also may not include defendants or claims that are dismissed by this Opinion and Order.** Pursuant to Local Civil Rule 5.2(a), the second amended complaint must be clearly legible, only one side of the paper may be used, and additional sheets of

paper shall have margins of no less than one (1) inch on the top, bottom, and sides. The Court Clerk is directed to send Plaintiff a form for filing a second amended complaint.

**ACCORDINGLY,**

1. CCF Defendants Warden Raymond Byrd and Nurse Laura Neffee, as well as all claims arising at CCF, are DISMISSED from this action as barred by the statute of limitations.

2. All claims arising at OSP prior to December 17, 2018, are DISMISSED from this action as barred by the statute of limitations.

3. Plaintiff must file within twenty-one (21) days a second amended complaint on the Court's form as directed in this Order.

4. The Court Clerk is directed to send Plaintiff a copy of the form for filing a second amended civil rights complaint in this Court.

5. Failure to comply with this Order will result in dismissal of this action without further notice.

**IT IS SO ORDERED** this 24th day of May 2021.

Ronald A. White
United States District Judge
Eastern District of Oklahoma