IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LOUIS D. CRAFT, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. CIV 20-483-RAW-JAR |
| ) | |
| CORRECTIONAL OFFICER ) | |
| GALUTZA, a.k.a. GALUTEA ) | |
| and SCOTT CROW, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

This action is before the Court on Defendant Scott Crow's motion to dismiss Plaintiff's second amended complaint. The Court has before it for consideration the second amended complaint (Dkt. 17), Plaintiff's supplemental motion for preliminary injunction or temporary restraining order (Dkt. 45), Defendant Crow's motion to dismiss (Dkt. 39), Crow's response to Plaintiff's motion for injunctive relief (Dkt. 49), and a special report prepared by the Oklahoma Department of Corrections (DOC) at the direction of the Court, in accordance with *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978) (Dkt. 38). Plaintiff has not filed a response to Crow's motion to dismiss.

Plaintiff is a pro se prisoner in the custody of the DOC who is incarcerated at Joseph Harp Correctional Center in Lexington, Oklahoma. He brings this action under the authority of 42 U.S.C. § 1983, seeking relief for alleged constitutional violations occurring during his incarceration at Oklahoma State Penitentiary (OSP) in McAlester, Oklahoma. The defendants are OSP Correctional Officer Galutza and DOC Director Scott Crow.

Plaintiff alleges that on April 26, 2016, while he was housed at Cimarron Correctional Center (CCF) in Cushing, Oklahoma, a CCF nurse deliberately injected him with an unknown bacteria that caused painful canker sores to develop in his mouth. He claims the CCF warden ordered the injection to retaliate against Plaintiff for his legal activity. (Dkt. 17 at 2-3). On May 24, 2021, the Court dismissed all claims arising at CCF as barred by the statute of limitations. (Dkt. 13).

On July 23, 2017, Plaintiff was transferred to OSP, where he claims he immediately was met with retaliation. He alleges he was O/C sprayed, assaulted by staff, forced to live with inmate informants and mentally ill inmates, and forced to fight in self-defense. (Dkt. 17 at 3). The Court's May 24, 2021, Order also dismissed all claims arising at OSP prior to December 17, 2018, as time-barred. (Dkt. 13).

Plaintiff claims the injected bacteria will live in his bloodstream forever, and it causes immediate canker sores to develop in his mouth as an allergic reaction to greasy food. He alleges DOC no longer provides fried, greasy food in the prison diet, so to cause the canker sores, DOC employees inject anaerobic bacteria into the solid food in Plaintiff's diet. He contends that from December 6, 2018, through December 27, 2018, Defendant Officer Galutza repeatedly served him food that had been injected with the bacteria, causing him to develop numerous painful canker sores in his mouth and resulting in physical and mental harm that lasted for weeks.

Plaintiff also alleges that since December 27, 2018, he has not received appropriate

medical care from Dr. Marlar, OSP physician, causing him to be unable to eat, sleep, or drink without pain for weeks. *Id*. at 5. Plaintiff claims Dr. Marlar was ordered by the warden or the deputy warden not to provide adequate care. *Id.* Because Dr. Marlar, the OSP warden, and the OSP deputy warden are not defendants in this action, the Court cannot consider these claims.

Defendant Crow has filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), alleging Plaintiff has failed to state a claim. In assessing a motion to dismiss, the Court must accept the factual allegations as true and consider them in the light most favorable to the plaintiff. *Tomlinson v. El Paso Corp,*, 653 F.3d 1281, 1285-86 (10th Cir. 2011) (citing *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009), *cert. denied*, 565 U.S. 1201 (2012). A request for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) requires the court to determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Here, Plaintiff has not alleged any facts concerning Defendant Crow's involvement in the alleged constitutional violations.

Although the Court is required to exercise a liberal interpretation of Plaintiff's pleadings, *Haines v. Kerner*, 404 U.S. 519 (1972), the Court need not assume the role of advocate for a plaintiff, and he must present more than conclusory allegations to survive a

motion to dismiss for failure to state a claim, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Id.* (citing cases). "[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Id*.

Defendant Crow further alleges Plaintiff has failed to demonstrate that Crow personally participated in the alleged constitutional violations. "Personal participation is an essential allegation in a § 1983 claim." *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (citations omitted). *See also Mee v. Ortega*, 967 F.2d 423, 430-31 (10th Cir. 1992). Plaintiff must show that a defendant personally participated in the alleged civil rights violation. *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). Supervisory status is not sufficient to support liability under § 1983. *Id*. *See also Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Serna v. Colo. Dep't of Corr.*, 455 F.3d 1146, 1151-52 (10th Cir. 2006) ("Supervisors are only liable under § 1983 for their own culpable involvement in the violation of a person's constitutional rights."). After careful review, the Court finds Plaintiff has failed to show Defendant Crow's personal participation in the alleged constitutional violations. Therefore, Crow's motion to dismiss (Dkt. 39) must be GRANTED.

Plaintiff also has filed a supplemental motion for a preliminary injunction or temporary restraining order (Dkt. 45). He raises numerous claims that are not in his second

amended complaint, including the harsh conditions of his confinement, an assault by a paid inmate informant, his being housed in segregation, inadequate and cold food, no haircuts or shaving, denial of medical attention, constant audio and video surveillance even in the shower and toilet, denial of basic hygiene items, interference with his legal and personal mail, and no access to his telephone. *Id.* at 2-3. Plaintiff is asking for relief in the form of a transfer to another facility. *Id.* at 1.

It is well settled that there is no constitutional right to incarceration in a particular correctional facility. *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983). Therefore, Plaintiff is requesting relief that is not available.

Further, Plaintiff's motion for injunctive relief concerns claims beyond those his second amended complaint. Plaintiff, however, has not established a relationship between the alleged injuries set forth in his motion for injunctive relief and his second amended complaint. Consequently, the Court finds Plaintiff's supplemental motion for preliminary injunction or temporary restraining order (Dkt. 45) should be DENIED. *See Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010) ("[T]he movant must establish 'a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.'") (quoting *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)).

**ACCORDINGLY,**

1. Defendant Scott Crow's motion to dismiss (Dkt. 39) is GRANTED.

2. Plaintiff's supplemental motion for a preliminary injunction or temporary

restraining (Dkt. 45) is DENIED.

**IT IS SO ORDERED** this 15th day of September 2022.

_____
Ronald A. White
United States District Judge
Eastern District of Oklahoma