IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LOUIS D. CRAFT, JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. CIV 20-483-RAW-JAR |
| OFFICER GALUTZA, | ) ) ) |
| Defendant. | ) ) |

**OPINION AND ORDER**
**DENYING MOTIONS FOR APPOINTMENT OF COUNSEL**

On September 12, 2022, the Court denied Plaintiff's first motion for appointment of counsel. (Dkt. 66). He subsequently filed a second motion for appointment of counsel (Dkt.80) and a third motion (Dkt. 84).

In the second motion, Plaintiff alleged he was housed in a mental health unit and was locked down 23 hours a day. (Dkt. 80 at 2). He had only one change of clothing and one blanket. *Id*. Further, he was only allowed to shave once a month. *Id*. He previously was in the sex offender program. *Id*. at 3. Plaintiff apparently is arguing that his harsh conditions of confinement have hindered his ability to proceed with this case by serving Defendant Galutza. *Id*. at 4.

Plaintiff asserts he has written 20 attorneys seeking representation, however, he has received no responses. *Id*. at 6. He contends this is evidence that the Department of Corrections is withholding his legal mail. *Id*. He also claims that DOC officials will not assist him in collecting benefits from his deceased mother's life insurance policy, and his mail to State Farm Insurance is being withheld by DOC officials. *Id*. at 7. An attorney allegedly could assist him with collecting the insurance proceeds. *Id.* at 8.

In his third motion for appointment of counsel, Plaintiff complains that his outgoing mail to various civil attorneys and legal aid organizations is being withheld by prison officials. (Dkt. 84 at 1). In addition, his phone is turned off, and he is housed in segregation housing for protection from an inmate informant. *Id*. He again complains of harsh living conditions and his difficulty in collecting the life insurance proceeds. *Id*. Further, he is in danger in prison. *Id*. at 3. He asserts that if an attorney is appointed for him, the attorney could collect the insurance money, successfully close this case, and secure his release from prison to start a new life. *Id*. at 2.

There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies within the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). "It is not enough 'that having counsel appointed [would assist the prisoner] in presenting his strongest possible case, [as] the same could be said in any case.'" *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

The Court again has carefully reviewed the merits of Plaintiff's claims, the nature of factual issues raised in his allegations, and his ability to investigate crucial facts. *See McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985) (citing *Maclin v. Freake*, 650 F.2d 885, 887-88 (7th Cir. 1981)). The Court concludes the issues are not complex, and Plaintiff appears capable of adequately presenting facts and arguments.

**ACCORDINGLY,** Plaintiff's second and third motions for appointment of counsel (Dkts.

80, 84) are DENIED.

**IT IS SO ORDERED** this 1st day of November, 2023.

Ronald A. White
United States District Judge
Eastern District of Oklahoma