IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

LOUIS D. CRAFT, JR., )
)
        Plaintiff, )
)
v. ) No. CIV 20-483-RAW-JAR
)
OFFICER GALUTZA, )
)
        Defendant. )

## OPINION AND ORDER

This matter is before the Court on Plaintiff Louis D. Craft Jr.'s four motions to extend deadlines to serve the remaining defendant (Dkts. 87, 88, 90, 92) and his fourth motion for appointment of counsel (Dkt. 91). Plaintiff, a pro se prisoner who presently is incarcerated at Oklahoma State Penitentiary (OSP) in McAlester, Oklahoma, filed this civil rights action pursuant to 42 U.S.C. § 1983 (Dkt. 1) and later filed two amended complaints (Dkts. 12, 17). The remaining defendant is OSP Correctional Officer Galutza.

**Plaintiff's Allegations**

Plaintiff alleged in his second amended complaint that while housed at Cimarron Correctional Facility in Cushing, Oklahoma, a facility nurse deliberately injected him with an unknown bacteria that caused painful canker sores in his mouth. (Dkt. 17 at 2). Plaintiff subsequently was transferred to OSP, where he was retaliated against and forced to live with mentally ill inmates. *Id*. at 3. To make the canker sores reoccur, prison officials allegedly injected anaerobic bacteria into his solid food. He claims that Defendant Galutza gave him food on numerous occasions that had been contaminated with the bacteria, resulting in painful canker sores in his mouth.

**Appointment of Counsel**

On September 13, 2022, the Court denied Plaintiff's first motion for appointment of counsel (Dkts. 65, 66), and on November 1, 2023, the Court denied Plaintiff's second and third requests for appointed counsel. (Dkts. 80, 84, 86). Plaintiff has filed a fourth motion for appointment of counsel (Dkt. 91), however, the Court DENIES the fourth motion for the reasons his previous requests for counsel were denied. As stated in the previous orders denying appointment of counsel, Plaintiff has not demonstrated that his claim has sufficient merit to warrant such appointment. *See McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985) (citing United *States v. Masters*, 484 F.2d 1251, 1253 (10th Cir. 1973)).

**Service of Defendant Galutza**

Plaintiff has been unable to serve Defendant Galutza. The record shows that on September 3, 2021, the summons for Galutza was returned unexecuted with a notation that Officer Galutza was "not on OK-DOC directory list." (Dkt. 26 at 1). On November 10, 2021, the Court directed the United States Marshals Service (USMS) for the Eastern District of Oklahoma to contact the OSP warden and obtain the last known address for Officer Galutza and to file the returned Form USM-285 under seal. (Dkt. 34). On November 22, 2021, the Court Clerk issued a summons to Galutza (Dkt. 43), however, the summons was returned unexecuted on December 10, 2021, because the "[b]uilding and address no longer exist." (Dkt. 46).

On March 1, 2022, Plaintiff was directed to show cause by March 15, 2022, why Galutza should not be dismissed from this action for Plaintiff's failure to effect service within 90 days after filing the complaint, pursuant to Fed. R. Civ. P. 4(m). (Dkt. 59).

On March 28, 2022, Plaintiff filed a motion for extension of time to serve Galutza (Dkt. 62),

and the Court granted Plaintiff a 30-day extension. (Dkt. 63). On June 21, 2022, Plaintiff filed a motion for a court order for the USMS to serve Galutza (Dkt. 64), which was granted on September 13, 2022 (Dkt. 67). The USMS was directed to attempt to locate Galutza at the defendant's last known address. (Dkt. 68). The USM-285 for Galutza, however, was returned unexecuted with a notation that Galutza's last known address was a demolished apartment building in Eufaula, Oklahoma. (Dkt. 72 at 1).

On October 28, 2022, the Court directed Plaintiff to show cause by November 14, 2022, why Defendant Galutza should not be dismissed from this action for Plaintiff's failure to properly serve Galutza. (Dkt. 73). On November 16, 2022, Plaintiff filed a motion for an extension of time to serve Galutza and for a court order to serve Galutza by publication. (Dkt. 74). On November 22, 2022, the Court entered an order denying the motion to serve by publication, because the Court's permission to serve by publication was not required. (Dkt. 75). Galutza was granted an additional 60 days to serve Galutza. *Id.*

On December 21, 2022, Galutza filed a motion for the Court Clerk or the USMS to serve Galutza by mail. (Dkt. 76). The motion was denied, because Plaintiff had not provided a valid address for Galutza. (Dkt. 77). The Court reiterated that a court order is not required for service by publication, and the prison officials were directed to release Plaintiff's funds for him to serve Galutza by publication. *Id.* Plaintiff was granted an additional 60 days until May 1, 2023, to serve Galutza. *Id.*

On February 21, 2023, Plaintiff filed another motion for extension of time to serve Galutza and for a court order for prison officials to release his mandatory savings funds for publication fees. (Dkt. 78). The Court extended the service deadline to May 1, 2023, and directed the warden to

3

release the required funds. (Dkt. 79).

On April 21, 2023, Plaintiff filed a motion to extend his service deadline, because he mistakenly had attempted to serve Galutza by publication in the McAlester, Oklahoma, newspaper, when he should have published his notice in the Muskogee, Oklahoma, newspaper. (Dkt. 81). Plaintiff requested a file-stamped court order to send to the newspaper for a price quote.[1] *Id.* On October 31, 2023, the Court entered an Order acknowledging that Plaintiff wanted to serve Galutza by publication, directing the Court Clerk to send Plaintiff a file-stamped copy of Galutza's summons, and extending Plaintiff's service deadline to December 30, 2023. (Dkt. 85).

Plaintiff has filed four additional motions for extensions of time to serve Defendant Galutza by publication. (Dkts. 87, 88, 90, 92). He complains that the Court has failed to issue an Order to serve process, ignoring that the Court previously has explained that no court order is required for service by publication. (Dkt. 87 at 2).

After careful review, Court finds that Plaintiff is not entitled to any additional extensions of time to serve Defendant Galutza. Therefore, Plaintiff's motions to extend the service deadline for Galutza are DENIED. Further, Defendant Galutza is DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to effect service, and this action is DISMISSED in its entirety.

**ACCORDINGLY,**

1.   Plaintiff's fourth motion for appointment of counsel (Dkt. 91) is DENIED.

2.   Plaintiff's motions to extend the service deadline for Defendant Galutza ((Dkts. 87, 88, 90, and 92) are DENIED.

---

[1] Plaintiff attached a copy of a letter from the *Muskogee Phoenix* newspaper, directing Plaintiff to submit a "file-stamped copy of the legal publication." (Dkt. 81 at 4).

3. Defendant Galutza is DISMISSED WITHOUT PREJUDICE.

4. This action is DISMISSED in its entirety.

**IT IS SO ORDERED** this 10th day of July 2024.

Ronald A. White
United States District Judge
Eastern District of Oklahoma